In the Matter of GERSON FINEMAN et al., Petitioners, *v.* NEW YORK STATE HARNESS RACING COMMISSION, Respondent.

Third Department, January 7, 1970.

*Schrade, Morris & Roche* (*Karl H. Schrade* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General* (*Thomas G. Conway* and *Ruth Kessler Toch* of counsel), for respondent.

SWEENEY, J. This is a proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of Supreme Court at Special Term, entered in Albany County) to review a determination of the State Harness Racing Commission which revoked petitioners' owners' licenses.

Petitioners, husband and wife, were issued horse owners' licenses on March 26, 1968 by the Harness Racing Commission after making application therefor. Two months later the commission suspended their licenses pending a hearing on the ground that petitioner Gerson Fineman made a false material statement on his application. After a hearing the hearing officer recommended the suspension be confirmed. The commission, after making certain findings, revoked the petitioners' licenses. The license of Mrs. Fineman was suspended because of the commission's rule 82.3 (subd. [d]) which provides that suspension of the husband shall apply in each instance to the wife. (19 NYCRR 82.3 [d].) The application signed by petitioner contained the following question: "Have you ever been ARRESTED or charged with any crime, offense or violation of law other than minor traffic violations?" Petitioner admittedly answered this question in the negative. Actually, the petitioner was twice charged with a crime, once by indictment and once by an information. Each involved the issuing of bad checks by petitioner. Both charges were ultimately dismissed. The record indicates no other difficulties with the law by petitioner.

The commission is charged with the supervision of the harness racing industry. (L. 1959, ch. 881.) It has the power to restrict licenses to individuals it deems to have met prescribed standards. (L. 1954, ch. 510.) The question on the application form is a fair one; its purpose is obvious. In the instant case the commission was disturbed because of petitioner's failure to reveal the truth, rather than the circumstances of the specific criminal charges involved. In addition to this, petitioner's explanation for his negative answer was far from satisfactory. The record also

reveals some discrepancy in his testimony as to when he made restitution for one of the checks. Taking the record as a whole, there is sufficient evidence to support the commission's findings. We should not disturb its decision unless we can conclude that it was without a reasonable basis. (*Matter of Fink* v. *Cole*, 1 N Y 2d 48, 53.) Such is not the case here.

The determination should be confirmed and petition dismissed, without costs.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Determination confirmed and petition dismissed, without costs.