■ In the Matter of GERALD TAPPIS, Petitioner, v. NEW YORK STATE RACING & WAGERING BOARD, HARNESS RACING DIVISION, Respondent.— The determination of the respondent, New York State Racing and Wagering Board, Harness Racing Division, made on February 20, 1974, following a statutory hearing (L. 1940, ch. 254, § 47, as amd.), confirming a fine of $100 imposed on petitioner by the State Steward at Yonkers Raceway for violation of the rules of the New York State Racing and Wagering Board is unanimously annulled, on the law, without costs and without disbursements, the fine vacated, and the matter remitted to the respondent, New York State Racing and Wagering Board, Harness Racing Division, for further proceedings not inconsistent with this opinion. The $100 fine imposed upon the petitioner for a violation of the rule prohibiting a conversation in the paddock by an owner with a driver or a trainer, who is not employed by him, must be annulled for at least two reasons, which necessitate a new hearing: First: The rules of the Racing Commission, to the extent that they permit a fine, such as that here imposed, without affording a right to a prior hearing, are unconstitutional, particularly where, as here, the failure to pay a fine would result in a deprivation of property rights. The deprivation of property rights is manifest in the fact that the petitioner was barred from racing his horses until he paid the $100 fine, which he did under protest. (*Duplex Co.* v. *Deering,* 254 U. S. 443; *Schware* v. *Board of Bar Examiners,* 353 U. S. 232; *Matter of Hecht* v. *Monaghan,* 307 N. Y. 461.) In the latter case the Court of Appeals noted that even in the absence of an express right to a hearing the courts will imply the requirement of notice and a hearing, where the exercise of a statutory power adversely affects property rights. Second: Acceptance of an affidavit of the police captain, Robert Sutherland, as evidence at the hearing, conducted subsequent to the imposition of the fine, over petitioner's objection, constituted a grievous error which deprived petitioner of the right to cross-examination. Although a hearing held by an administrative tribunal may not be as formal as a trial before a judicial tribunal, and thus may be without adherence to technical and time-honored rules of evidence, "no essential element of a fair trial can be dispensed with unless waived", and the right to cross-examine a witness constitutes an essential element of a fair trial. (*Matter of Hecht* v. *Monaghan, supra.*) Concur — McGivern, P. J., Nunez, Murphy, Tilzer and Capozzoli, JJ.