Memorandum. We reverse the judgment of the Appellate Division, reinstate the determination of the New York State Racing and Wagering Board (Board) and hold that the statutory scheme for imposing sanctions by the Board, adopted pursuant to section 37 of chapter 254 of the Laws of 1940, as amended, does not offend any constitutional right. The record reveals substantial evidence to sustain the determination that petitioner violated an established Board rule (9 NYCRR 4104.10 [formerly 19 NYCRR 84.10]) in that he, the owner of a competing horse programmed to race the same day, was found conversing with the trainer of another horse, in the paddock area just prior to the race. The cited rule specifically prohibits this activity and, in consequence thereof, a sanction and fine were imposed by the racing steward whose decision was subsequently confirmed by the Board following a full hearing.
 

 The Appellate Division did not disturb the factual finding, but based its annulment of the determination on its holding
 
 *864
 
 that the penalty was imposed by the steward without a prior formal notice of charges and a hearing. Rule 101.5 (9 NYCRR 4121.5) of the Board provides that the decision of the steward is subject to full review by the Board within 10 days following notice of the steward’s decision, all of which was here followed and resulted in its confirmation by the Board.
 

 The compelling and substantial State interest involved in maintaining discipline among trainers and owners in the paddock area of a racetrack, so as to preclude the appearance or the fact of impropriety, justifies on-the-spot sanctions and penalties in advance of hearings, and the procedure here followed involved no infringement of petitioner’s constitutional rights and complied sufficiently with the requirements of the due process clauses of the Federal and State Constitutions.
 
 (Matter of Sanford v Rockefeller,
 
 35 NY2d 547;
 
 Matter of Jerry v Board of Educ. of City School Dist. of Syracuse, 35
 
 NY2d 534; cf.
 
 Arnett v Kennedy,
 
 416 US 134.)
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Judgment reversed, with costs, and appellant’s determination reinstated in a memorandum.