■ In the Matter of ROBERT BEIKRICH et al., Petitioners, v NEW YORK STATE RACING AND WAGERING BOARD (DIVISION OF HARNESS RACING), Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Racing and Wagering Board (Division of Harness Racing) which affirmed the action of the judges at Batavia Raceway in disqualifying petitioners' horse and suspending petitioner Strollo for five racing days. On the night of November 9, 1973 Nardin's Fury, owned by Robert Beikrich and driven by Anthony Strollo apparently won the second race at Batavia Downs. During the course of the race, Strollo drove his horse into the path of an oncoming animal, causing it

to break stride and almost fall down. As a result of this action, the judges at Batavia Downs Raceway found that Strollo had committed a violation of subdivision (k) of Rule 97.4 (9 NYCRR 4117.4[k]) and thereupon imposed a penalty of disqualifying Nardin's Fury from its first place finish in the second race and suspending Strollo from driving for five racing days. Upon an appeal to the State Racing and Wagering Board, a hearing was held at which evidence was taken and subsequent to which an order was entered by the board confirming the decision of the judges. It is this determination of the board that petitioners seek to have annulled in this proceeding. The finding that Strollo was at fault is clearly supported by substantial evidence and must, therefore, be confirmed *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222; *Matter of Sullivan County Harness Racing Assn. v Glasser,* 30 NY2d 269; *Matter of Fineman v New York State Harness Racing Comm.,* 33 AD2d 144). Similarly, the penalties imposed in the instant case cannot be said to be so disproportionate to the offense as to be shocking to one's sense of fairness and, therefore, must be upheld (e.g., *Matter of Whittington v Porcari,* 35 NY2d 839; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, supra).* Finally, we find no merit in the contention that the suspension of Strollo without a hearing was unconstitutional. In *Matter of Sanford v Rockefeller* (35 NY2d 547) the Court of Appeals ruled that exceptions to the general requirement of a prepenalty hearing can be made out where the property seizure is necessary to secure an important governmental interest or where there is a legitimate need for prompt action and where the seizure is performed by a government official guided by narrowly drawn standards. Considering the nature of the activities under regulation in the instant case and the extremely close regulation and strict control exerted by the State over professional horse racing and its appurtenant gambling activities, respondent's authority to impose summary penalties is wholly warranted and provision for a postpenalty hearing is fully justified *(Mitchell v W.T. Grant Co.,* 416 US 600; *Matter of Sanford v Rockefeller, supra;* see, also, *Matter of Jerry v Board of Educ. of City School Dist. of City of Syracuse,* 35 NY2d 534; *Matter of Tappis v New York State Racing & Wagering Bd., Harness Racing Div.,* 46 AD2d 613, revd 36 NY2d 862). Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.