■ In the Matter of CORPORATION OF THE PRESIDING BISHOP

OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, Petitioner, v EDWARD J. GREENFIELD, Respondent, et al., Defendants.—Proceeding pursuant to CPLR article 78 for a judgment reassigning the action entitled *Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v Solow Bldg. Corp.*, from respondent Honorable Edward J. Greenfield to another Justice of the Supreme Court in order to hear the evidence and render a decision within a designated time is dismissed as moot, without costs.

Almost eight years having passed with no decision rendered in the action *Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v Solow Bldg. Corp.*, which was tried before respondent without a jury, petitioner herein, the Church of Jesus Christ of Latter-Day Saints, commenced its second article 78 proceeding requesting a transfer of the action from respondent to another Supreme Court Justice for the purpose of rendering a decision on the record. On May 15, 1986, petitioner brought its first article 78 proceeding seeking a transfer of the action, but was persuaded to withdraw it in reliance upon respondent's affidavit, sworn to on June 2, 1986, in which he requested an additional brief period of time during which to render the decision. After nine months passed with no decision forthcoming, petitioner commenced the instant proceeding. On April 3, 1987, a few days after this proceeding was commenced, respondent finally rendered a decision in the matter, ruling against petitioner.

While we find inexcusable the delay in rendering a decision in this matter, we conclude that petitioner is not entitled to any relief under article 78. Mandamus relief in the nature of an order to compel respondent to render a decision is, of course, a moot issue, now that a decision has been rendered. Also, respondent did not act in excess of authority or without jurisdiction in this matter so as to warrant a vacatur of the decision. The extent to which respondent's decision may have been affected by any bias or prejudice against petitioner is an issue which can be addressed on direct appeal. *(Matter of Konigsberg v Scheinman,* 87 AD2d 703; *Matter of Katz v Denzer,* 70 AD2d 548.) Accordingly, the petition is dismissed. Concur—Carro, Asch, Ellerin and Wallach, JJ.

Kupferman, J. P., concurs in the result only.