■ In the Matter of SARATOGA HARNESS RACING, INC., Appellant-Respondent, v RICHARD CORBISIERO et al., Constituting the New York State Racing and Wagering Board, Respondents-Appellants. [628 NYS2d 442] —Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Spain, J.), entered November 4, 1994 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondents to hold a hearing prior to revoking petitioner's pari-mutuel license.

In this CPLR article 78 proceeding, petitioner, operator of a harness racing track and simulcast facility in Saratoga County, challenges the May 23, 1994 decision of the New York State

Racing and Wagering Board (hereinafter the Board) revoking its harness racing license and suspending its simulcast license, effective May 24, 1994. These actions were taken after live racing at the track had ceased, in April 1994, due to a boycott by horse owners and trainers following failed contract negotiations. By order to show cause, petitioner commenced this proceeding contesting the constitutionality of the Board's application of certain statutes authorizing revocation and suspension of its relevant licenses prior to holding a hearing, as well as the rationality of the revocation and suspension decisions themselves. The order stayed the disputed actions pending an administrative hearing and pending resolution of the petition. An abbreviated program of live racing resumed at petitioner's track on June 24, 1994 and continued through the remainder of the season.

Administrative hearings were conducted in June and September 1994, and on October 20, 1994 the Hearing Officer rendered his report. On November 4, 1994 Supreme Court found that petitioner's challenge to the merits of the underlying determinations was premature because it had not, at that time, exhausted the available administrative remedies. The court also rejected, on the merits, the contention that respondents' failure to provide a hearing prior to implementation of the revocation and suspension violated petitioner's right to due process. It is from this determination that petitioner appeals.

Although it refused to adopt petitioner's due process argument, Supreme Court continued the stay pending the outcome of the administrative process, which was concluded on November 29, 1994, when the Board issued its order finding that the original suspension and revocation were proper, but that the licenses should have been restored as of June 24, 1994 when racing had resumed. Respondents admit that their cross appeal, from the stay provision of the original order to show cause and from the portion of Supreme Court's order that continued the stay, has been rendered moot. They maintain that the same is true of petitioner's appeal.

Respondents are correct in this regard, for all of the relief petitioner seeks has been obtained: a hearing has been held, a decision has been rendered and, as a result of that decision, petitioner's licenses have been restored. Thus, even if petitioner should prevail on appeal, there is nothing it can hope to gain as a consequence. As no right or interest will be directly affected by our decision, the appeal is moot (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

Nor are we persuaded that the circumstances giving rise to

this appeal present a substantial, novel question that is likely to recur yet evade review, thus warranting consideration despite its mootness (see, Matter of Hearst Corp. v Clyne, supra, at 714-715). Although, as petitioner suggests, a similar situation may develop in the future, the issue need not evade review, for the propriety of imposing a revocation or suspension prior to a hearing can be evaluated in the context of a CPLR article 78 proceeding protesting an adverse determination of the Board, if one indeed is issued, following the hearing (see, CPLR 7803 [3]; Matter of Tappis v New York State Racing & Wagering Bd., 46 AD2d 613, revd on other grounds 36 NY2d 862).

Moreover, the issue is not novel. Indeed, the principles to be observed in judging whether due process mandates a predeprivation hearing in a particular situation are well established (see, Mathews v Eldridge, 424 US 319, 332-335; see also, Barry v Barchi, 443 US 55, 64-66; Matter of Saumell v New York State Racing Assn., 58 NY2d 231; Matter of Tappis v New York State Racing & Wagering Bd., 36 NY2d 862, 864, supra).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the cross appeals are dismissed, as moot, without costs.