■ In the Matter of CHERYL A. CIPPERLEY et al., Respondents, v TOWN OF EAST GREENBUSH et al., Respondents, and PEOPLE FOR ENVIRONMENTAL QUALITY et al., Appellants. [659 NYS2d 552] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 20, 1995 in Rensselaer County, which, *inter alia*, granted petitioners' applica-

tion, in a proceeding pursuant to CPLR article 78, to compel respondent Zoning Board of Appeals of the Town of East Greenbush to conduct a public hearing on a request by petitioner Rifenburg Construction, Inc. for a special use permit.

This appeal brings up for review a judgment of the Supreme Court directing respondent Zoning Board of Appeals of the Town of East Greenbush (hereinafter the Board) to act on petitioners' application for a special use permit by, *inter alia*, holding a public hearing. The Board and respondent Town of East Greenbush do not challenge that directive, but the intervenors—owners of property in the vicinity of the land for which a permit is sought and an organization representing their interests—contend that Supreme Court erred in ordering a public hearing because, as they see it, the Board is entirely without authority to grant a permit for the desired use. Supreme Court did not reach the issue of whether the Town's zoning ordinance precludes issuance of the permit sought because it found that a hearing must be held on every permit application, regardless of whether the substantive provisions of the ordinance mandate denial of the request.*

Inasmuch as the Board held a public hearing on the matter in January 1996, and thereafter denied petitioners' application, we are of the opinion that this appeal has been rendered moot (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714; *Matter of Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Sts. v Greenfield*, 131 AD2d 355, 356). And since the issues and circumstances presented are not such as to merit consideration despite their mootness (*see, Matter of Hearst Corp. v Clyne, supra*, at 714-715), dismissal is mandated.

Parenthetically, we note that the intervenors allowed almost 13 months to elapse after entry of Supreme Court's judgment before filing their appellate brief and failed to take measures necessary to safeguard their rights. As a consequence, dismissal would also be warranted on the basis of laches (*see, Matter of General Bldg. Contrs. v Egan*, 106 AD2d 688, 690).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* While several issues are raised by the intervenors in their brief, the only one properly before us concerns the correctness of Supreme Court's ruling of November 22, 1995 ordering the Board to, *inter alia*, conduct a public hearing.