■ In the Matter of RONALD J. BRIGGS, as District Attorney of Essex County, Petitioner, v ANDREW HALLORAN, as Essex County Judge, et al., Respondents. [660 NYS2d 474] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, *inter alia*, prohibit respondent Essex County Judge from enforcing a trial order of dismissal in connection with a particular criminal action.

This proceeding arose as a result of a six-count indictment returned by the Essex County Grand Jury on May 20, 1996 charging respondent Richard E. Connors with attempted rape, sexual abuse and other related crimes allegedly committed against a 16-year-old female on or about February 17, 1996. After preliminary proceedings the Connors case was scheduled for trial during the September 1996 term of County Court by respondent County Judge, with the case listed as number 11 on a 12-case trial calendar. Petitioner notified complainant of the impending trial but, on September 16, 1996, was advised by complainant's grandmother that complainant was emotionally upset at the prospect of testifying and would need time to prepare for trial. Since other criminal matters were scheduled for trial during the last week of the September 1996 term, petitioner informed the grandmother that the case would not proceed to trial that month. However, because of scheduling conflicts and dispositions, the trial calendar was depleted and the Connors case was scheduled for trial on September 25, 1996.

A conference was held on September 24, 1996, at which time petitioner requested a two-week adjournment on the ground

that complainant was not emotionally prepared to testify on such short notice. County Court denied this request and directed that the case go forward the next day. On September 25, 1996, petitioner made several motions for a two-week adjournment, which were denied, and jury selection was begun with minimal participation by petitioner. On the following day jury selection was completed and the court again denied petitioner's motions for a two-week adjournment. Following preliminary instructions to the jury, petitioner refused to make an opening statement, indicating that he would not participate in the trial. After defendant's opening statement the court asked petitioner to call the People's first witness; petitioner stated that without the testimony of complainant the People had no case and that he would not participate in the trial. The court then ruled that the People had rested and granted defendant's motion for a trial order of dismissal, dismissing the indictment pursuant to CPL 290.10. Petitioner then brought this CPLR article 78 proceeding for a writ of prohibition to prevent respondents from enforcing the order of dismissal. In the meantime, on May 8, 1997, Connors died.

As a result of Connors' death, we find this matter to be moot. It is settled practice for an appellate court not to decide questions which have become abstract as a result of a change in circumstances which affect the case after a trial court's decision, and generally an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714; *Matter of Adirondack League Club v Board of Black Riv. Regulating Dist.*, 301 NY 219, 222). Here the death of Connors has effectively terminated the criminal action and at this juncture our ruling on the propriety of the writ of prohibition would have no bearing on the disposition of the underlying case. Further, upon reviewing the record we find that this proceeding is not one which would qualify as an exception to the mootness doctrine (*see, Matter of Fallati v Town of Colonie*, 222 AD2d 811, 813; *Matter of Greany v Irvin*, 221 AD2d 1027, 1028, *lv denied* 88 NY2d 803; *Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 849, *lv denied* 87 NY2d 809; *Hughes v Gates*, 217 AD2d 966, 967; *Matter of Saratoga Harness Racing v Corbisiero*, 216 AD2d 776, 777-778). Therefore, we find it unnecessary and inappropriate to adjudicate this matter other than to indicate that a writ of prohibition (*see,* CPLR 7803 [2]) is an extraordinary remedy which is only entertained by the courts in exceptional circumstances (*see, Matter of Hynes v George*, 76 NY2d 500, 504, 506).

We also note that the control of a criminal calendar is within

the province of the trial court (*see*, 22 NYCRR 130-2.1) and that granting an adjournment is a matter within its sound discretion (*see, Matter of Anthony M.*, 63 NY2d 270, 283; *People v Wright*, 192 AD2d 875, 876, *lv denied* 82 NY2d 809), although such discretionary power is not to be abused or used in an arbitrary manner (*see, People v Spears*, 64 NY2d 698, 700). Further, within the constraints of criminal laws and procedures, sensitivity should be shown by the court for victims' rights, especially in cases of this nature.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.