Matter of Lynn v State of New York (2019 NY Slip Op 03858)





Matter of Lynn v State of New York


2019 NY Slip Op 03858


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

526445

[*1]In the Matter of ROBERT LYNN, Petitioner,
v
STATE OF NEW YORK, Respondent, and NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Appellant.

Calendar Date: March 28, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.


David P. Quinn, Public Employment Relations Board, Albany, for appellant.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Melkonian, J.), entered February 16, 2018 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Public Employment Relations Board to issue a determination on petitioner's improper practice charges.
Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent Public Employment Relations Board (hereinafter PERB) to issue determinations on two improper practice charges that he filed in 2014. In lieu of answering, PERB moved to dismiss the petition for, among other reasons, failure to exhaust administrative remedies. Respondent State of New York separately moved, pre-answer, to dismiss the petition insofar as asserted against it on the ground that it was not a proper party to the proceeding. Supreme Court granted the State's motion, denied PERB's motion and granted the petition on the merits, directing PERB to issue a determination on petitioner's improper practice charges within 60 days of service upon PERB of a copy of its order with notice of the entry. PERB appeals, invoking an automatic stay of Supreme Court's judgment (see CPLR 5519 [a] [1]).
During the pendency of this appeal, PERB issued a determination on petitioner's improper practice charges, thereby providing petitioner with all of the relief that he requested in his petition (see e.g. Matter of Johnson v Evans, 76 AD3d 1164, 1164 [2010], lv denied 16 NY3d 702 [2011]; Matter of Cipperley v Town of E. Greenbush, 240 AD2d 984, 985 [1997]; Matter of Saratoga Harness Racing v Corbisiero, 216 AD2d 776, 777 [1995]). Thus, the rights of the parties would not be affected by a determination of this appeal on the merits, and it has therefore been rendered moot (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]; Matter of Saratoga Harness Racing v Corbisiero, 216 AD2d at 777). We are unpersuaded by PERB's contention that the exception to the mootness doctrine applies (see generally Matter of Hearst Corp. v Clyne, 50 NY2d at 714). The controversy presented by this case evaded our review [*2]solely because PERB issued the requested determination during the pendency of the appeal. Accordingly, we dismiss the appeal as moot.
Garry, P.J., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.