Halley v James (2024 NY Slip Op 50774(U))

[*1]

Halley v James

2024 NY Slip Op 50774(U)

Decided on June 25, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 25, 2024
Supreme Court, New York County

Peter Halley, Petitioner,

against
Ta-Tanisha D. James, in her official capacity as a Judge of the Supreme Court of the State of New York, County of New York, and ANN CRAVEN, Respondents.

Index No. 155201/2024

Denney P.C. (Briana Denney of counsel), for petitioner.

Eric Schumacher, J.

NYSCEF doc nos. 1-5 were read on this Article 78 petition to compel decision from a justice of this court.
Upon the foregoing documents, the court declines to sign the proposed order to show cause and dismisses the petition as academic.
It is well settled that "[m]andamus relief in the nature of an order to compel [a judge] to render a decision is, of course, a moot issue [where] a decision has been rendered," and such a "petitioner is not entitled to any relief under Article 78" (Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v Greenfield, 131 AD2d 355, 355 [1st Dept 1987]). Judge Greenfield had allowed a decision after a nonjury trial to languish in the underlying matter for nearly nine years. Yet a few days after commencement of the Article 78 proceeding, Judge [*2]Greenfield rendered the outstanding decision. Here, petitioner seeks a judgment requiring Justice James to decide two motions which allegedly had been pending for nine and four months as of June 4, 2024 (NYSCEF doc no. 1 at 1). Yet Justice James decided the motions on or about June 13, 2024 (index no. 320244/2022, NYSCEF doc nos. 139, 140). As such, the issue of the mandamus relief sought is academic. Notably, this court emailed petitioner and directed the withdrawal of the petition in light of Justice James' decisions but was rebuffed. Petitioner counsel contends in a reply to the email that "[t]his is an issue that will recur and evade review without a decision on the merits." There is no showing that this is likely here. In any event, the cases involving Judge Greenfield are instructive as to the nature, scope, and venue of appropriate review as to recurring conduct (see Matter of Greenfield, 76 NY2d 293 [1990]).
Accordingly, it is ORDERED that the petition is denied and dismissed.
The foregoing constitutes the decision and order of the court.
DATE 6/25/2024
ERIC SCHUMACHER, J.S.C.