OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On October 15, 1984, petitioner was charged by a Suffolk County police officer with speeding in violation of Vehicle and Traffic Law § 1180 (d). In Suffolk County such charges are adjudicated administratively (Vehicle and Traffic Law §§ 225-228; 15 NYCRR 121.1-126.5). Before trial petitioner’s attorney requested from the Traffic Violations Bureau certain documents and information pertaining to the type of radar used, and its associated testing and operating procedures. The Bureau denied petitioner’s request stating that under the relevant rule of the Division of Administrative Adjudication the motion practice and discovery procedures set forth in the Civil Practice Law and Rules and Criminal Procedure Law were not applicable (see, 15 NYCRR 123.1).
Petitioner then commenced this article 78 proceeding to compel reasonable discovery relating to this radar device and claiming that 15 NYCRR 123.1 unconstitutionally deprived him of due process of law because without it he would be unable to conduct effective cross-examination. It is settled, however, that there is no general constitutional right to discovery in criminal cases (see, Weatherford v Bursey, 429 US 545, 559) or administrative proceedings (see, National Labor Relations Bd. v Interboro Contrs., 432 F2d 854, 857-858, cert denied 402 US 915). Such matters are regulated by statute or rule and since petitioner had no statutory or regulatory right to pretrial discovery here, his request was properly denied.
*871 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.