OPINION OF THE COURT
Stephen R. Taub, J.
On March 24, 1988, at 8:55 a.m., Patricia A. Guagnini received a uniform traffic ticket for violation of section 1180 (d) of the Vehicle and Traffic Law, alleging that she was traveling at the rate of 46 miles per hour in a 25-mile-per-hour zone, in a westbound direction on Beverly Road in the Village of Kensington.
*677 A trial was held before this court on December 5, 1988. At the conclusion of the People’s case, the defendant moved to dismiss and decision was reserved. The court was requested to rule on the motion without consideration of any testimony or evidence derived thereafter. The court agreed, although obligated to so do in any event, without such specific understanding.
At the completion of testimony, upon both sides resting, the court requested a formal motion and response upon the issues raised by the defense.
The defendant contends that the People failed to comply with her demand for discovery pursuant to CPL 240.20 which sought, inter alia: "(c) [a]ny written report or document, or portion thereof, concerning a * * * scientific test or experiment, relating to the criminal action or proceeding”. She argues that since a radar device was tested and used, she was entitled to pretrial discovery thereof, and further asserts that the prosecutor’s affirmative denial of the existence of a "scientific test” was deliberate and constituted misconduct, as a result of which she demands dismissal of the summons.
CPL 240.20 (1) requires disclosure of certain material for inspection, photocopying, copying or testing to a "defendant against whom * * * [a] simplified information charging a misdemeanor is pending”. Violation of Vehicle and Traffic Law § 1180 (d) is a traffic infraction, not a misdemeanor, and CPL 240.20 is, therefore, wholly inapplicable. Further, this court relies upon its prior order dated August 19, 1988, which denied similar discovery demands made prior to the trial.
Were the court not to deny the motion on the aforesaid grounds, it would do so on the merits. In the opinion of this court, the use of radar is not a "scientific test” as contemplated by CPL 240.20 (1) (c). In the first instance, this court believes the Legislature was concerned with discovery of tests performed subsequently to the act constituting the offense, which could be used to the detriment of the defendant were he unable to have advance knowledge of the results and an opportunity to have his own tests performed. The use of a radar device at the time of the violation cannot be duplicated at a later time, and even subsequent testing of its accuracy would be irrelevant to the accuracy at the time of the alleged violation.
Furthermore, the Court of Appeals, in Matter of Miller v Schwartz (72 NY2d 869 [1988]), has determined that a defen *678 dant has no constitutional right to documents or information concerning radar or its testing. The court stated: "It is settled, however, that there is no general constitutional right to discovery in criminal cases * * * or administrative proceedings. * * * Such matters are regulated by statute or rule and since petitioner had no statutory or regulatory right to pretrial discovery here, his request was properly denied.” (Supra, at 870; emphasis added.)
Although that decision resulted from a proceeding before the Traffic Violations Bureau rather than in a Village Court, this court fails to distinguish any difference in principle. For the foregoing reasons, this court holds that no statute requires discovery of radar, and the defendant’s motion is denied. In view of the foregoing, the prosecutor’s assertion that no scientific tests or experiments were conducted is, therefore, consistent with a commonsense definition, and under no circumstances does this court consider such assertion to be misconduct, deliberate concealment, or false information provided by the prosecutor.