■ In the Matter of JAMES M. CATTERSON, JR., Petitioner, v KENNETH K. ROHL et al., Respondents. [608 NYS2d 696] —Pro-

ceeding pursuant to CPLR article 78 to prohibit the enforcement of stated portions of an order of the Supreme Court, Suffolk County, dated November 23, 1993, on the ground that the respondent Justice Kenneth K. Rohl lacked the authority to make the same.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from enforcing the following provisions of the order dated November 23, 1993: (1) those provisions of paragraph seven which direct that "the People *forthwith,* provide defendant with copies of all notes, records, reports, tape recordings, video recordings of interviews, conversations, examinations or meetings with the victim by the police, district attorney's office or persons acting at their behest" (emphasis supplied) and that "[t]he People shall further advise defendant whether the victims *[sic]* mother or any other person was present at the aforesaid interviews, etc., when conducted", and, (2) those portions of paragraph ten which direct that "all future interviews, conversations, examination *[sic],* meetings, etc. with the victim * * * be transcribed, *verbatim,* by a certified stenographer who shall provide, forthwith, a copy of the minutes directly to the Court for *in camera* review" and, that "the People shall provide defendant with the dates, times and places of all future interviews; the names of all persons thereat; and notes, etc. thereof".

The respondent Anthony Brown is a defendant currently charged by Suffolk County Indictment Number 1797/93 with the crimes of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree. Pursuant to CPL article 240, the defense counsel moved, *inter alia,* to compel the videotaping of any and all future conversations, examinations, or meetings with the 10-year old victim in this case be videotaped for the purpose of "allow[ing] the court to determine if a child has been tainted by the leading questioning". The petitioner District Attorney opposed this portion of the motion on the ground that the defense counsel failed to give compelling reasons to videotape the victim. By order dated November 23, 1993, Justice Rohl determined the defendant's omnibus motion, and included therein, *inter alia,* the following directives:

"7. Defendant shall not be permitted to conduct a medical and/or psychological examination of the victim at this time. However, the People shall, forthwith, provide defendant with copies of all notes, records, reports, tape recordings, video

recordings of interviews, conversations, examinations or meetings with the victim by the police, district attorney's office or persons acting at their behest. The People shall further advise defendant whether the victims *[sic]* mother or any other person was present at the * * * interviews, etc., when conducted * * *

"10. Defendant's application that all future interviews, conversations, examination *[sic]*, meetings, etc. with the victim be videotaped is denied, except to the extent that the aforestated shall be transcribed, *verbatim,* by a certified stenographer who shall provide, forthwith, a copy of the minutes directly to the Court for *in camera* review. Appropriate determinations shall be made by the Court in light of the relief requested herein.

"In addition, the People shall provide defendant with the dates, times and places of all future interviews; the names of all persons thereat; and notes, etc. thereof."

Thereafter, by notice of motion dated December 2, 1993, the defendant moved to reargue the omnibus motion and for clarification of the order dated November 23, 1993. The District Attorney opposed defendant's motion and cross-moved for reconsideration and/or modification of paragraphs seven and ten of the decision. The motion and cross motion were denied by Justice Rohl in an order dated January 18, 1994. The District Attorney thereupon commenced the instant proceeding pursuant to CPLR article 78.

It is well-settled that the extraordinary remedy of prohibition is available only where there is a clear legal right, and then, in cases where judicial authority is challenged, only where the court acts or threatens to act either without jurisdiction or in excess of its authorized powers *(see, Matter of Hynes v George,* 76 NY2d 500; *Matter of Holtzman v Goldman,* 71 NY2d 564; *Matter of Rush v Mordue,* 68 NY2d 348). In the instant case, the respondent Justice clearly has jurisdiction over the subject matter, as he has been assigned to preside over the criminal prosecution, so the only relevant inquiry is whether his actions (i.e. the making of the portions of paragraphs seven and ten of the order dated November 23, 1993, set forth above), exceeded his authorized powers.

CPL article 240 governs discovery in criminal proceedings. Specifically, CPL 240.45 (1) (a) provides that

"[a]fter the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence, the prosecutor shall, subject to a protective order, make available to the defendant * * *

"(a) [a]ny written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony". The statute is clear on its face that a prosecutor is not obligated to provide a defendant with copies of witnesses' statements until such time as trial has commenced, and there is no provision contained in the statute which would give the court authority to vary that statutory time frame. Indeed, CPL 240.40 sets forth the limited circumstances under which the court is authorized to direct discovery. Nothing contained in that provision authorizes the directives set forth in paragraph seven of the order dated November 23, 1993, that the prosecutor provide the defendant with the victim's statements "forthwith", and advise the defendant whether the victim's mother or any other person was present at the interviews. Accordingly, we find that the respondent Justice exceeded his authority in issuing these directives.

Likewise, with respect to the directives contained in paragraph ten of the order dated November 23, 1993, we find that those directives exceeded the Justice's authority, and were not merely an error of law. It is well-established in New York that a prosecutor is obligated to turn over any written or recorded pretrial statements of the prosecution's witnesses which relate to the witnesses' trial testimony (see, CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286); however, that obligation is limited, both by statute and case law, to written or recorded statements, and does not apply to unrecorded oral statements (see, *People v Steinberg,* 170 AD2d 50, 76, *affd* 79 NY2d 673; *People v Littles,* 192 AD2d 314). Indeed, in *People v Steinberg (supra,* at 76), the Appellate Division, First Department, noted: "There is no requirement that a prosecutor record in any fashion his interviews with a witness. If the prosecutor chooses to do so, *Rosario* and its progeny require that the recording be furnished to the defense. But nothing in the *Rosario* line of cases in any way imposes an obligation on the prosecutor to create *Rosario* material in interviewing witnesses. Nor do these cases or any related authority hold that a defendant's right of cross-examination is unfairly frustrated by the failure to record the witness's statement". Thus, insofar as there is absolutely no authority for the imposition of an affirmative duty on the prosecutor to "create" *Rosario* material, we find that, here too, the respondent Justice exceeded his authority.

We note that even where a court exceeds its authority, prohibition does not issue as of right, but may issue only in the discretion of this Court following consideration of such factors as the gravity of harm caused, the availability of an adequate remedy on appeal, at law or in equity, and the remedial effectiveness of prohibition (see, La Rocca v Lane, 37 NY2d 575; Matter of Greenwald v Scheinman, 94 AD2d 842). In the instant case, we find that the petitioner has not only established a clear legal right to a writ of prohibition, but that the gravity of the harm which will be suffered by the petitioner coupled with the unavailability of any other adequate remedy (at law or in equity) compels us to exercise our discretion to grant prohibition.

Nothing contained in this adjudication shall relieve the District Attorney from his statutory obligations under CPL 240.45 (1) (a). Mangano, P. J., Thompson, Sullivan, Balletta and Rosenblatt, JJ., concur.