■ In the Matter of JEANINE PIRRO, Petitioner, v JOHN R. LACAVA et al., Respondents. [646 NYS2d 866] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of (1) an order of the County Court, Westchester County, entered March 5, 1996, which granted the pre-indictment application of Anthony LaFontant, a defendant in an underlying criminal action entitled *People v LaFontant* under Westchester County Index No. 96-00311, which potentially involved the imposition of the death penalty, *inter alia,* to compel the Office of the District Attorney of Westchester County to preserve all evidence related to the criminal investigation, (2) an order of the same court, entered April 2, 1996, which granted the pre-

indictment application of Anthony LaFontant for the issuance of a subpoena duces tecum directing the Office of the Chief Medical Examiner to produce certain material relating to the autopsy examination of the victim, Samuel Diaz, and (3) an order of the same court, entered April 9, 1996, which granted the pre-indictment application of Anthony LaFontant to allow the inspection and documentation of the victim's home.

Adjudged that the petition is granted, without costs or disbursements, and the enforcement of the three orders of the County Court, Westchester County, entered March 5, 1996, April 2, 1996, and April 9, 1996, respectively, which were issued in the criminal action, is prohibited.

The issues raised in this proceeding are worthy of review, even though the respondent Anthony LaFontant has pleaded guilty to one count of murder in the second degree in full satisfaction of the indictment in the underlying criminal action. The mootness doctrine should not be applied where, as here, the issues raised are of public importance, are likely to recur, and are likely to evade ordinary appellate review *(see, People ex rel. Neufeld v McMickens,* 117 AD2d 243, *revd on other grounds* 70 NY2d 763).

This Court has previously held that prohibition may be an appropriate remedy where the County Court or Supreme Court exceeds its statutory authority by ordering the People to make disclosure which they are not required to make pursuant to the governing statutes *(see, Matter of Catterson v Rohl,* 202 AD2d 420; *Matter of Hynes v Cirigliano,* 180 AD2d 659; *see also, Matter of Kaplan v Tomei,* 224 AD2d 530). We do not agree with the County Court that the present case may be distinguished from the cases cited above on the theory that it is not "discovery" which LaFontant is seeking.

In the above-cited cases, we held that the County Court and the Supreme Court may not grant discovery applications in criminal actions for which there is no statutory basis, and we here emphasize those holdings again. Further, the Trial Court may not use its subpoena power in order to circumvent the discovery statutes *(see, e.g., Matter of Terry D.,* 81 NY2d 1042, 1045; *People v Gissendanner,* 48 NY2d 543, 551; *see also, Matter of Constantine v Leto,* 157 AD2d 376, *affd* 77 NY2d 975). Discovery which is unavailable pursuant to statute may not be ordered based on principles of due process because "there is no general constitutional right to discovery in criminal cases" *(Matter of Miller v Schwartz,* 72 NY2d 869, 870, citing *Weatherford v Bursey,* 429 US 545, 559).

Under the circumstances presented, the issuance of a writ of

prohibition is warranted as a matter of this Court's discretion "following consideration of such factors as the gravity of harm caused, the availability of an adequate remedy on appeal, at law or in equity, and the remedial effectiveness of prohibition" *(Matter of Catterson v Rohl, supra,* at 424, citing *La Rocca v Lane,* 37 NY2d 575, *cert denied* 424 US 968; *Matter of Greenwald v Scheinman,* 94 AD2d 842).

The respondent LaFontant's remaining arguments are meritless. Bracken, J. P., Rosenblatt, Ritter, Thompson and Sullivan, JJ., concur.