[671 NYS2d 156]

In the Matter of JAMES SACKET, as District Attorney of Schoharie County, Petitioner, v GEORGE R. BARTLETT, III, as Schoharie County Judge, et al., Respondents.

Third Department, April 2, 1998

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Jill Gross Marks* of counsel), for petitioner.

*O'Connor, O'Connor, Mayberger & First, P. C.,* Albany *(Dianne Bresee Mayberger* of counsel), for George R. Bartlett, III, respondent.

*Kevin M. Doyle, Capital Defender,* Albany *(Barry J. Fisher* of counsel), for Donna Arroyo, respondent.

*Mlynarski & Cawley, P. C.,* Binghamton *(Joseph F. Cawley* of counsel), and *Aswad & Ingraham (Thomas A. Saitta* of counsel), for Daniel Edwards, respondent.

*Raymond A. Kelly, Jr.,* Albany, for Cary Wayne McKinley, respondent.

*Richard A. Brown,* Kew Gardens *(Bruce Seeliger* of counsel, Albany), for New York State District Attorneys Association, *amicus curiae.*

### OPINION OF THE COURT

MERCURE, J.

A Schoharie County Grand Jury indicted respondents Donna Arroyo, Daniel Edwards and Cary W. McKinley (hereinafter collectively referred to as the criminal defendants) for the crimes of murder in the first degree, murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the second degree as the result of the May 12, 1997 shooting death of Arroyo's husband; petitioner, the Schoharie County District Attorney, has filed notice of his intention to seek the death penalty as to each of them. Subsequent to their arraignment, the criminal defendants served discovery demands. The discovery they sought was extraordinarily broad and burdensome and extended far beyond the requirements of CPL article 240, in many cases requiring the prosecution to compile historical and statistical data, to divulge its own work product and, in fact, to document its very thought processes.* In his response, petitioner acknowledged his intention to comply with CPL article 240 and also to fulfill his obligations under *Brady v Maryland* (373 US 83), *People v Novoa* (70 NY2d 490) and *Giglio v United States* (405 US 150) but otherwise refused to comply with the demands dictated by the criminal defendants. The criminal defendants each moved to compel petitioner's full and timely

---

\* A few representative examples (albeit not granted by respondent Schoharie County Judge), selected from Arroyo's 56-page demand, are:

"For every felony case tried in Schoharie County since 1975, the name, gender, and race of each and every juror who was excused by a peremptory challenge or who sat on the jury, together with the name of the defendant, the docket number, and whether the juror was challenged by the prosecution or the defense. * * *

"All information and material * * * relating to the district attorney's charging or plea bargaining decisions in each and every homicide case in which his office has been involved since 1975, including but not limited to the race and gender of the defendant, the race and gender of the victim, and all interoffice memoranda or communications reflecting the factors on which charging and plea bargaining decisions were based. * * *

"All material and information tending to show that the district attorney or his employees have engaged or are engaging in gender or racial bias or gender or racial discrimination in connection with his official duties, or conduct tending to raise an appearance of gender or racial bias on the part of the district attorney or his office".

compliance and respondent Schoharie County Judge partially granted the motions, directing broad disclosure and imposing a December 17, 1997 deadline for compliance.

On or about December 15, 1997, petitioner commenced this CPLR article 78 proceeding seeking to prohibit the County Judge from enforcing those portions of his orders dated October 17, 1997, October 31, 1997, November 7, 1997 and November 12, 1997, and adhered to upon reargument on December 8, 1997, which directed petitioner to (1) provide defense counsel with testimony, exhibits and other information relating to the Grand Jury's proceedings, (2) create documents for disclosure to defense counsel, (3) obtain and provide disclosure of documents and information from persons and agencies not within petitioner's control, (4) disclose material at a time earlier than provided for in CPL article 240, and (5) disclose material that is not discoverable under CPL article 240. By order entered January 16, 1998, this Court granted petitioner's motion for a stay pending determination of the proceeding. We also granted the New York State District Attorneys Association permission to file an amicus brief.

■ As a threshold matter, we conclude that the petition has not been rendered entirely moot by petitioner's agreement, subsequent to commencement of the proceeding, to permit "open file discovery". Although we agree with respondents that the proceeding is moot as related to the materials that have already been produced (see, Matter of Briggs v Halloran, 241 AD2d 830, 831), the fact remains that petitioner has not fully complied with County Court's orders. It appears that petitioner has not produced and continues to challenge so much of the County Judge's orders as requires the production of the Grand Jury minutes and related exhibits and instructions, oral statements that do not constitute Brady material, a list of all persons who were interviewed but who will not be called as witnesses, an inventory of all evidence supporting the element of intent to commit a crime, autopsy tapes, information regarding Edwards' alleged waiver of extradition from Florida, and the personnel and disciplinary files of the interrogating police officers. To the extent that this proceeding will determine whether petitioner must disclose these additional materials, it will affect the parties' rights (cf., Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714) and is therefore not moot (see, generally, Solondz v Barash, 225 AD2d 996, 999).

■ We also reject the contention that the petition should be dismissed in view of the fact that "[t]he extraordinary remedy

of prohibition does not lie as a means of seeking collateral review of an error of law (no matter how egregious the error might be) in a pending criminal proceeding". To the contrary, prohibition has been frequently employed as a means of challenging a grant of discovery exceeding statutory or constitutional bounds (*see, Matter of Hynes v Hall*, 240 AD2d 746; *Matter of Catterson v Jones*, 233 AD2d 502; *Matter of Pirro v LaCava*, 230 AD2d 909, *lv denied* 89 NY2d 813; *Matter of Kaplan v Tomei*, 224 AD2d 530), and we are unpersuaded that petitioner was required to move for a protective order or submit materials for the County Judge's in camera inspection as a condition precedent thereto. Notably, the bulk of the challenged disclosure relates to items that are either not in existence or not in petitioner's possession or control. Compelling petitioner to obtain or create the items as a prerequisite to in camera review would have the effect of depriving him of any meaningful relief.

█ Proceeding finally to the merits, based upon our conclusion that the County Judge exceeded his authority in directing discovery far beyond that prescribed in CPL article 240 and relevant constitutional provisions, the gravity of the potential harm to petitioner and the absence of any other proceeding in law or equity to correct the flaw, we are persuaded to exercise our discretion to grant the petition (*see, Matter of Rush v Mordue*, 68 NY2d 348, 354). It is settled law that there is no constitutional right to discovery in a criminal case (*see, Matter of Miller v Schwartz*, 72 NY2d 869); rather, "the law of discovery is basically a creature of legislative policy" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, at 216; *see, People v DaGata*, 86 NY2d 40, 44; *Matter of Constantine v Leto*, 157 AD2d 376, 378, *affd* 77 NY2d 975). However, the courts have recognized an area of constitutionally guaranteed access to evidence and an additional species of disclosure that is required by fundamental fairness (*see, People v Colavito*, 87 NY2d 423, 427; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, at 216-217). All three categories, i.e., disclosure required by the Constitution (*see,* CPL 240.20 [1] [h]), required by fundamental fairness (*see,* CPL 240.44, 240.45) and mandated by legislative policy, are codified within CPL article 240, which defines the breadth of criminal discovery (*see, People v Colavito, supra,* at 427). As a general rule, discovery which is unavailable pursuant to statute may not be ordered (*see, id.,* at 427; *Matter of Miller v Schwartz, supra,* at

870; *Matter of Pirro v LaCava, supra,* at 910), a premise which holds true in both noncapital and capital cases (*see, Matter of Pirro v LaCava, supra; People v Williamson,* 172 Misc 2d 172).

We agree with petitioner that none of the challenged discovery is authorized by CPL article 240. Contrary to the position advanced by the criminal defendants and adopted in large measure by the County Judge, CPL 240.20 (1) (h) does not authorize an enlargement of the scope (and time for) disclosure upon a showing that an accused's constitutional rights might be advanced thereby. Rather, "[i]tems not enumerated in article 240 are not discoverable as a matter of right unless constitutionally or otherwise *specially mandated*" (*People v Colavito, supra,* at 427 [emphasis supplied]). As such, CPL 240.20 (1) (h) may not be utilized as a vehicle for directing earlier discovery than is otherwise mandated (*see, People v Colavito, supra,* at 427) or for compelling the People to create or compile material or obtain it from sources beyond their control (*see, id.,* at 428). As a final matter, we note that neither CPL 210.30 nor CPL 240.20 (1) (b) authorize the release of Grand Jury testimony in these circumstances (*see,* CPL 240.44 [1]; 240.45 [1] [a]).

Respondents' additional contentions have been considered and found lacking in merit.

CARDONA, P. J., WHITE, PETERS and SPAIN, JJ., concur.

Adjudged that the petition is granted, without costs, and enforcement of the orders of the County Court of Schoharie County dated October 17, 1997 (issued in the criminal action *People v Arroyo*), dated October 31, 1997 (issued in the criminal action *People v Edwards*), dated November 7, 1997 (issued in the criminal action *People v McKinley*) and dated November 12, 1997 (issued in all three of said criminal actions) is prohibited, insofar as challenged herein.