■ In the Matter of RICHARD A. BROWN, Petitioner, v JOEL L. BLUMENFELD, as Justice of the Supreme Court of the State of New York, et al., Respondents. [745 NYS2d 54] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of an order of the respondent Joel L. Blumenfeld, dated February 25, 2002, in a criminal action entitled *People v Marlon Johnson,* pending in the Supreme Court, Queens County, under Indictment No. 709/01, which granted the application of the defendant therein, Marlon Johnson, to compel the infant complainant to undergo a psychological examination by the defendant's psychologist.

Adjudged that the petition is granted, without costs or disbursements, and enforcement of the order dated February 25, 2002, in the underlying criminal action, is prohibited.

The remedy of prohibition generally lies when a court acts without jurisdiction or when a court exceeds its authorized powers in a proceeding over which it has jurisdiction (*see* CPLR 7801, 7803; *Matter of Pirro v Angiolillo,* 89 NY2d 351, 355; *Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 353). To warrant the extraordinary remedy of prohibition, it is not enough that the court made a mere legal error; rather, the court's error must implicate its very powers and thereby give the petitioner a clear legal right to relief to correct the error (*see Matter of Pirro v Angiolillo, supra* at 355-356; *Matter of Holtzman v*

*Goldman, supra* at 569; *Matter of Rush v Mordue, supra* at 353).

Prohibition may be an appropriate remedy where the County Court or Supreme Court exceeds its statutory authority by ordering the People to make disclosure which they are not required to make pursuant to the governing statutes (*see Matter of Pirro v LaCava,* 230 AD2d 909; *Matter of Catterson v Rohl,* 202 AD2d 420; *Matter of Hynes v Cirigliano,* 180 AD2d 659; *also see Matter of Sacket v Bartlett,* 241 AD2d 97). Moreover, discovery which is unavailable pursuant to statute should not be ordered based on principles of due process because "there is no general constitutional right to discovery in criminal cases" (*Matter of Miller v Schwartz,* 72 NY2d 869, 870; *see Weatherford v Bursey,* 429 US 545, 559).

In the underlying criminal action, which involves the alleged sexual abuse of a now 10-year-old child, there is no statutory or constitutional support for an order compelling the child to undergo a pretrial psychological examination by the defense expert (*see People v Earel,* 220 AD2d 899, *affd* 89 NY2d 960; *also generally People v Herring,* 227 AD2d 658; *People v Gutkaiss,* 206 AD2d 628). Accordingly, under the circumstances presented herein, the issuance of a writ of prohibition is warranted as a matter of this Court's discretion "following consideration of such factors as the gravity of harm caused, the availability of an adequate remedy on appeal, at law or in equity, and the remedial effectiveness of prohibition" (*Matter of Catterson v Rohl, supra* at 424; *see Matter of Pirro v LaCava, supra; Matter of Sacket v Bartlett, supra*).

The respondents' remaining arguments are without merit. Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.