In the Matter of FRANCIS D. PHILLIPS II, Appellant, v B. HAROLD RAMSEY, as Judge of the Newburgh City Court, et al., Respondents. [839 NYS2d 223]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit B. Harold Ramsey, a Judge of the City Court, City of Newburgh, from enforcing an order dated February 22, 2006, in a criminal action entitled *People v Pickell*, pending in that court under docket No. 05-03995, directing a state police trooper to produce his personal copy of a police training manual at a pretrial hearing for an in camera inspection, the petitioner appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated July 12, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, without costs or disbursements, the petition is granted, and enforcement of the order dated February 22, 2006, in the criminal action entitled *People v Pickell*, commenced in the City Court, City of Newburgh, under docket No. 05-03995, is prohibited.

On July 13, 2005 Vincent C. Pickell was arrested by Trooper John Javaheri of the New York State Division of State Police (hereinafter the State Police) for driving while intoxicated (hereinafter DWI). On August 4, 2005 Pickell appeared in the City

Court, City of Newburgh, and entered a plea of not guilty. On February 22, 2006, at a pretrial hearing before Judge B. Harold Ramsey of that court, the defense counsel cross-examined Javaheri with respect to his performance of a series of standardized field sobriety tests on Pickell at the arrest scene. In the midst of cross-examination, the defense counsel called for the production of Javaheri's personal copy of the DWI Detection and Field Sobriety Testing Manual, a police training manual, on the basis that it constituted *Brady* material (*see Brady v Maryland*, 373 US 83 [1963]). In an order dated February 22, 2006 Judge Ramsey directed the trooper to produce his personal copy of the manual on the next hearing date. The People objected on the ground that police training manuals do not constitute *Brady* material. In response, the defense counsel argued that the trooper previously had testified that a failure to administer a field sobriety test in the manner prescribed by the police training manual rendered the test invalid and, therefore, "if we can show that any of those tests are invalid, that would affect the basis for probable cause to arrest." Judge Ramsey told the People, "Produce the documents; I'll examine them. If there is a basis, I'll allow it. If there's not a basis, I'll not allow it."

By letter dated February 27, 2006, the People asked Judge Ramsey to reconsider the February 22, 2006 order on the grounds that police training manuals were not under their custody or control, and that they were available by subpoena, but that Judge Ramsey himself had already denied the defense counsel's request to have them subpoenaed. The People reiterated their assertion that the training manuals were not *Brady* material. Judge Ramsey adhered to his order and directed that the manual be produced for an in camera inspection. By letter dated March 30, 2006, the People informed Judge Ramsey that the State Police would not turn over the requested manual as it was considered confidential to that agency. On April 28, 2006 the People formally moved for reargument of the order dated February 22, 2006 and, upon reargument, vacatur of the order on the grounds that Judge Ramsey exceeded his statutory authority to direct court-ordered discovery pursuant to CPL article 240. By order dated May 23, 2006, Judge Ramsey denied the People's motion for reargument.

The petitioner Francis D. Phillips II, the District Attorney of Orange County, then commenced this CPLR article 78 proceeding in the nature of prohibition to prohibit Judge Ramsey from enforcing his February 22, 2006 order. The petitioner alleged that Judge Ramsey acted in excess of his authorized powers when he directed Javaheri to produce his personal copy of the

police training manual at a pretrial hearing for an in camera inspection in the absence of a properly issued subpoena. The Supreme Court denied the petition on the ground that the challenged direction was a mere "evidentiary ruling" for which the remedy of prohibition did not lie. We disagree.

The remedy of prohibition generally lies when a court acts without jurisdiction or when a court exceeds its authorized powers in a proceeding over which it has jurisdiction (see CPLR 7801, 7803; *Matter of Pirro v Angiolillo*, 89 NY2d 351, 355 [1996]; *Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *Matter of State of New York v King*, 36 NY2d 59, 62 [1975]; *Matter of Brown v Blumenfeld*, 296 AD2d 405 [2002]). To warrant the extraordinary remedy of prohibition, it is not enough that the court made a mere legal error; rather, the court's error must implicate its very powers and thereby give the petitioner a clear legal right to relief to correct the error (*see Matter of Pirro v Angiolillo, supra* at 355-356; *Matter of Holtzman v Goldman, supra* at 569; *Matter of Brown v Blumenfeld, supra*).

We disagree with the Supreme Court that Judge Ramsey's order was a mere evidentiary ruling rather than a discovery order (*see Matter of Pirro v LaCava*, 230 AD2d 909 [1996]; *see also Matter of Catterson v Rohl*, 202 AD2d 420, 422 [1994]). Prohibition may be an appropriate remedy where a court exceeds its statutory authority by ordering the People to make disclosure which they are not required to make pursuant to the governing statutes (see *Matter of Pirro v LaCava, supra*; *Matter of Catterson v Rohl, supra*; *Matter of Hynes v Cirigliano*, 180 AD2d 659 [1992]; *see also Matter of Sacket v Bartlett*, 241 AD2d 97 [1998]). The petitioner contends that Judge Ramsey was without the power to direct a nonparty to the underlying criminal action to produce a document at a pretrial hearing in the absence of a subpoena. Therefore, the petitioner properly commenced a CPLR article 78 proceeding to test the merits of his position (*see Matter of Pirro v Angiolillo, supra* at 355; *cf. Matter of Johnson v Price*, 28 AD3d 79 [2006]).

Turning to the merits, a criminal defendant's rights to discovery are contained in CPL article 240 (*see Matter of Miller v Schwartz*, 72 NY2d 869, 870 [1988]; *Matter of Brown v Grosso*, 285 AD2d 642, 644 [2001]; *Matter of Pittari v Pirro*, 258 AD2d 202 [1999]; *Matter of Brown v Appelman*, 241 AD2d 279 [1998]). CPL article 240 requires disclosure, inter alia, of *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866) and *Brady* material, and the prosecution is under a continuing duty to act in good faith and to preserve all evidence

to which a defendant is entitled (*see Matter of Brown v Appelman, supra*).

Although CPL 240.20 (1) (k) provides that in a prosecution pursuant to the Vehicle and Traffic Law, the People shall disclose any written report or document concerning, inter alia, a physical examination made by a public servant engaged in law enforcement activity, there is no statutory right entitling a defendant to compel a trooper of the State Police to turn over his personal copy of a police training manual (*see People v Bagley*, 279 AD2d 426 [2001]; *see also Matter of Constantine v Leto*, 157 AD2d 376 [1990], *affd* 77 NY2d 975 [1991]; *Matter of Shay v Mullen*, 215 AD2d 935 [1995]; *Matter of Suffolk County Police Dept. v Gorman*, 202 AD2d 438, 439 [1994]; *Matter of Constantine v Solomon*, 194 AD2d 538 [1993]; *People v Di Lorenzo*, 134 Misc 2d 1000). Furthermore, the People are not required to obtain documents from sources beyond their control (*see Matter of Sacket v Bartlett, supra* at 102).

Since the trooper in the case was not a party to the underlying criminal proceeding, Judge Ramsey had no authority to direct him to produce a document at the hearing in the absence of a properly issued subpoena. CPL 610.20 (3) sets forth the authority for defense counsel in criminal actions to apply to the court for the issuance of a subpoena duces tecum directed to a department, bureau, or agency of the State or of a political subdivision, or to any officer or representative thereof, and incorporates the provisions of CPLR 2307 with respect to the applicable rules of procedure. CPLR 2307 (a) provides, in pertinent part, that a subpoena duces tecum addressed to a "department or bureau of a municipal corporation or of the state, or an officer thereof" must be issued by a justice of the Supreme Court in the district where the desired materials are located.

Accordingly, under the circumstances presented here, and "following consideration of such factors as the gravity of harm caused, the availability of an adequate remedy on appeal, at law or in equity, and the remedial effectiveness of prohibition" (*Matter of Catterson v Rohl, supra* at 424; *see Matter of Pirro v LaCava, supra*; *Matter of Sacket v Bartlett, supra*), the Supreme Court should have granted the petition and issued a writ of prohibition. Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.