■ In the Matter of DAVID M. HOOVLER, District Attorney of Orange County, Petitioner, v NICHOLAS DEROSA, a Judge of the County Court, Orange County, et al., Respondents. [40 NYS3d 147]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondent Nicholas DeRosa, a Judge of the County Court, Orange County, from enforcing his order dated July 1, 2016, granting the application of the respondent Devin Giordano, a defendant in a criminal action

entitled *People v Giordano,* pending in the County Court, Orange County, under indictment No. 2014-526, to direct the People to make available to him the full names corresponding to initials that appear on certain laboratory reports produced in that criminal action. Pursuant to a temporary restraining order contained in an order to show cause of this Court dated July 6, 2016, enforcement of the order dated July 1, 2016, and the trial in the criminal action were stayed pending determination of this proceeding.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondent Nicholas DeRosa, a Judge of the County Court, Orange County, is prohibited from enforcing his order dated July 1, 2016.

The respondent Devin Giordano (hereinafter the defendant) is a defendant in a criminal action entitled *People v Giordano,* pending in the County Court, Orange County, under indictment No. 2014-526. The defendant was charged with, inter alia, murder in the second degree, burglary in the first and second degrees, and arson in the second and third degrees. In that action, the People produced laboratory reports containing the results of DNA tests performed by the New York State Police Forensic Investigation Center (hereinafter the FIC).

In April 2016, counsel for the New York State Police notified the People about the results of an internal investigation concerning 15 forensic scientists employed by the FIC, who were accused of cheating on an examination for certification to use a DNA software program known as TrueAllele. Although TrueAllele was not used in the defendant's case, the People sent the defendant's attorney a copy of the letter they received from counsel for the New York State Police, along with an executive summary of the internal investigation.

The defendant's attorney subsequently requested that the People disclose the names corresponding to initials that appear on the laboratory reports produced in the defendant's criminal action. In response, the People forwarded an email from the FIC identifying two staff members who were implicated in the cheating scandal and whose initials appear on the laboratory reports. The People otherwise declined to respond to the defendant's request. At a court conference held on June 22, 2016, the defendant's attorney reiterated his request for the names of all persons whose initials appear on the laboratory reports on the ground that such information constituted discoverable material pursuant to *Brady v Maryland* (373 US 83 [1963]). The People opposed the request, arguing that the information sought did not constitute *Brady* material and that there was no statutory right entitling the defendant to this discovery.

Following further submissions by the parties, the respondent Nicholas DeRosa, a Judge of the County Court, Orange County (hereinafter Judge DeRosa), issued an order dated July 1, 2016, directing the People to "make available to defendant . . . the full names corresponding to the initials on the laboratory reports." That same day, the People sent Judge DeRosa a letter, on which the defendant's attorney was copied, requesting reconsideration of his ruling, along with a chart listing the names of the 15 FIC scientists who were the subjects of the New York State Police investigation. The People asserted that, beyond this disclosure, they were not required to disclose the names corresponding to the initials on the laboratory reports. On July 6, 2016, the petitioner, David M. Hoovler, District Attorney of Orange County, commenced this proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Judge DeRosa from enforcing his order dated July 1, 2016. This Court stayed enforcement of that order, as well as the trial in the criminal action, pending determination of this proceeding.

" 'Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers' " (*Matter of Hock v Brennan*, 109 AD3d 994, 996 [2013], quoting *Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Pirro v Angiolillo*, 89 NY2d 351, 355 [1996]). "Moreover, prohibition 'will not lie as a means of seeking collateral review of mere trial errors of substantive law or procedure, however egregious the error may be, and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power' " (*Matter of Blumen v McGann*, 18 AD3d 870, 870 [2005], quoting *Matter of Rush v Mordue*, 68 NY2d 348, 353 [1986]; *see Matter of Brown v Blumenfeld*, 89 AD3d 94, 103 [2011]). "In drawing the difficult distinction between legal errors and actions taken in excess of power, however, the Court of Appeals has instructed that such excesses of power involve 'an unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding' " (*Matter of Brown v Blumenfeld*, 103 AD3d 45, 56 [2012], quoting *Matter of State of New York v King*, 36 NY2d 59, 64 [1975]).

"Prohibition may be an appropriate remedy where a court exceeds its statutory authority by ordering the People to make disclosure which they are not required to make pursuant to the

governing statutes" (*Matter of Phillips v Ramsey*, 42 AD3d 456, 458 [2007]; *see Matter of Pirro v LaCava*, 230 AD2d 909, 910 [1996]; *Matter of Catterson v Rohl*, 202 AD2d 420, 422 [1994]; *Matter of Johnson v Brandveen*, 160 AD2d 668 [1990]). A criminal defendant's rights to discovery are contained in CPL article 240 (*see Matter of Miller v Schwartz*, 72 NY2d 869, 870 [1988]; *Matter of Brown v Grosso*, 285 AD2d 642, 644 [2001]; *Matter of Brown v Appelman*, 241 AD2d 279, 283-284 [1998]). "Discovery which is unavailable pursuant to statute may not be ordered based on principles of due process because 'there is no general constitutional right to discovery in criminal cases' " (*Matter of Pirro v LaCava*, 230 AD2d at 910, quoting *Matter of Miller v Schwartz*, 72 NY2d at 870).

CPL article 240 requires disclosure, inter alia, of *Brady* material, and the prosecution is under a continuing duty to act in good faith and to preserve all evidence to which a defendant is entitled (*see Matter of Phillips v Ramsey*, 42 AD3d at 458-459; *Matter of Brown v Grosso*, 285 AD2d at 644; *Matter of Brown v Appelman*, 241 AD2d at 284). Nevertheless, "CPL 240.20 (1) (h) may not be utilized as a vehicle for directing earlier discovery than is otherwise mandated or for compelling the People to create or compile material or obtain it from sources beyond their control" (*Matter of Sacket v Bartlett*, 241 AD2d 97, 102 [1998] [citation omitted]; *see Matter of Catterson v Rohl*, 202 AD2d at 422).

Here, Judge DeRosa clearly has jurisdiction over the subject matter, as he has been assigned to preside over the defendant's criminal action. Thus, the only relevant inquiry is whether or not his actions exceeded his authorized powers (*see Matter of Brown v Blumenfeld*, 103 AD3d at 55; *Matter of Catterson v Rohl*, 202 AD2d at 422). We conclude that Judge DeRosa exceeded his authority by directing the People to make available to the defendant the full names corresponding to the initials that appear on the subject laboratory reports (*see Matter of Brown v Grosso*, 285 AD2d at 644). Nothing contained in CPL 240.20 imposes an obligation on the People to respond to the defendant's questions concerning notations that appear in discoverable materials, or to affirmatively create or compile material, or obtain it from sources beyond their control (*see Matter of Phillips v Ramsey*, 42 AD3d at 458; *Matter of Sacket v Bartlett*, 241 AD2d at 102; *Matter of Catterson v Rohl*, 202 AD2d at 422).

We further conclude that it is appropriate in this matter to exercise our discretion to issue a writ of prohibition prohibiting Judge DeRosa from enforcing his order dated July 1, 2016.

Here, the People would be unable, in the underlying criminal action, to seek appellate review of that order (*see* CPL 450.20; *Matter of Brown v Blumenfeld*, 103 AD3d at 65), which weighs heavily in favor of invoking the remedy of prohibition (*see La Rocca v Lane*, 37 NY2d 575, 579 [1975]; *Matter of Pirro v LaCava*, 230 AD2d at 910-911). Eng, P.J., Roman, Duffy and Brathwaite Nelson, JJ., concur.