Matter of Doorley v Castro (2018 NY Slip Op 02939)





Matter of Doorley v Castro


2018 NY Slip Op 02939


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


230 OP 17-01262

[*1]IN THE MATTER OF SANDRA DOORLEY, MONROE COUNTY DISTRICT ATTORNEY, PETITIONER,
v
MELCHOR E. CASTRO, ACTING MONROE COUNTY COURT JUDGE, AND MARQUISE WALKER, CRIMINAL DEFENDANT, RESPONDENTS. 






SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR PETITIONER.
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT MARQUISE WALKER, CRIMINAL DEFENDANT. 


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent Melchor E. Castro, Acting Monroe County Court Judge, from enforcing a disclosure order. 
It is hereby ORDERED that the amended petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows:
It is ADJUDGED that respondent Melchor E. Castro, Acting Monroe County Court Judge, is prohibited from enforcing the order dated July 31, 2017, as amended for clerical errors on August 1, 2017, under Monroe County indictment No. 2017-0305.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to prohibit Melchor E. Castro, Acting Monroe County Court Judge (respondent), from enforcing an order directing petitioner to permit the attorney for respondent Marquise Walker, a criminal defendant (hereafter, defendant), to inspect a video recording of an interview of a child victim conducted by an advocate from the Bivona Child Advocacy Center (Bivona) in Rochester for the purpose of determining whether it constitutes exculpatory evidence. We agree with petitioner that respondent acted in excess of his authorized powers in ordering disclosure to defendant's attorney. Although respondent could have viewed the video recording in camera in order to make a determination whether it contained exculpatory evidence, he declined to do so.
Defendant was indicted on charges of predatory sexual assault against a child (Penal Law § 130.96) and course of sexual conduct against a child in the second degree (§ 130.80 [1] [a]) with respect to a then three-year-old child. In discovery material provided to defendant, there was a police report indicating that the alleged victim had been interviewed by a Bivona advocate and that the interview had been video recorded. Defendant's attorney orally requested disclosure of the video recording, and petitioner opposed the request. Respondent orally ordered petitioner to disclose the video recording before a pretrial hearing in the criminal matter, despite the fact that neither the child nor the Bivona advocate would testify at the pretrial hearing. Petitioner filed a petition seeking to prohibit respondent from enforcing that oral order and sought a stay of enforcement.
Before any determination was made on the request for a stay, respondent issued a written order acknowledging that the video recording did not constitute Rosario material and that he thus lacked any authority to order its disclosure on that ground (see CPL 240.45 [1]). Instead, [*2]respondent concluded that the video recording could potentially contain exculpatory evidence, which petitioner would be obligated to disclose under Brady v Maryland (373 US 83, 87-88 [1963]; see CPL 240.20 [1] [h]; People v Santorelli, 95 NY2d 412, 421 [2000]). Respondent determined that neither he nor the "untrained prosecutor" could make the determination whether the person interviewing the child "employ[ed] suggestive interrogation techniques." Rather, "only defense counsel, with full knowledge of the defendant's case[, could] make the proper assessment." As a result, respondent again ordered petitioner to permit defendant's attorney to inspect the video recording.
Petitioner filed an amended petition seeking to prohibit enforcement of both the oral order and the written order. One day after respondent issued his written order, he issued an amended order correcting typographical errors and making no substantive changes. We thus conclude that it is of no moment that the amended petition seeks to prohibit enforcement of the original order instead of the amended order (see e.g. Moody v Sorokina, 56 AD3d 1246, 1247 [4th Dept 2008]; Hillman v Eick, 8 AD3d 989, 990 [4th Dept 2004]; Kabelac v Harding, 127 AD2d 1011, 1011-1012 [4th Dept 1987], appeal dismissed 70 NY2d 746 [1987]; see generally Matter of Kolasz v Levitt, 63 AD2d 777, 779 [3d Dept 1978]).
"The remedy of prohibition generally lies when a court acts without jurisdiction or when a court exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Phillips v Ramsey, 42 AD3d 456, 458 [2d Dept 2007]; see Matter of Pirro v Angiolillo, 89 NY2d 351, 355 [1996]). It is an "extraordinary remedy [that] lies only where there is a clear legal right to relief" (Matter of Van Wie v Kirk, 244 AD2d 13, 24 [4th Dept 1998]).
Discovery in criminal matters is "a creature of legislative policy" (Matter of Sacket v Bartlett, 241 AD2d 97, 101 [3d Dept 1998], lv denied 92 NY2d 806 [1998] [internal quotation marks omitted]). As a result, prohibition may be appropriate "where a court exceeds its statutory authority by ordering the People to make disclosure which they are not required to make pursuant to the governing statutes" (Phillips, 42 AD3d at 458; see Sacket, 241 AD2d at 101; Matter of Pirro v LaCava, 230 AD2d 909, 910 [2d Dept 1996], lv denied 89 NY2d 813 [1997]).
Here, respondent properly acknowledged that he lacked any authority to order the early disclosure of the video recording as potential Rosario material. Where, as here, the witnesses are not called to testify at a pretrial hearing, Rosario material need not be disclosed until "[a]fter the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence" (CPL 240.45 [1] [a]; see CPL 240.44 [1]). A writ of prohibition would thus be appropriate if a judge were to order early disclosure of Rosario material (see Matter of Briggs v Halloran, 12 AD3d 1016, 1017 [3d Dept 2004]).
Pursuant to CPL 240.20 (1) (h), the People must disclose and make available to a criminal defendant "[a]nything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States." That requirement includes evidence in the People's possession, custody, and control that is favorable to the defense and material to the defendant's guilt or punishment (see Brady, 373 US at 87-88; Santorelli, 95 NY2d at 421; People v Vilardi, 76 NY2d 67, 73 [1990]). Such material must be disclosed when counsel still has a meaningful opportunity to put it to use (see People v Cortijo, 70 NY2d 868, 870 [1987]), such as for "investigat[ing] additional avenues of exculpatory or impeaching evidence" (People v Wagstaffe, 120 AD3d 1361, 1364 [2d Dept 2014], lv denied 25 NY3d 1173 [2015]).
As a general rule, a prosecutor possesses some discretion in deciding what evidence should be disclosed to the defense (see People v Consolazio, 40 NY2d 446, 453 [1976], cert denied 433 US 914 [1977]) but, "where a request [for Brady material] is made and there is some basis' for believing that the prosecutor may be in possession of potentially exculpatory material, deference to the prosecutor's discretion must give way, and the duty to determine the merits of the request for disclosure then devolves on the trial court' " (People v Andre W., 44 NY2d 179, 184 [1978] [emphasis added]; see People v Contreras, 12 NY3d 268, 272 [2009]). Nevertheless, "[d]iscovery which is unavailable pursuant to the statute may not be ordered based on principles of due process because there is no general constitutional right to discovery in criminal cases' " (Pirro, 230 AD2d at 910, quoting Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988], rearg [*3]denied 72 NY2d 953 [1988]; see Matter of Brown v Blumenfeld, 296 AD2d 405, 406 [2d Dept 2002]).
Here, there has been no determination that the video recording contains exculpatory evidence, and thus defendant has no right to disclosure thereof. Inasmuch as respondent required petitioner to disclose evidence before determining whether defendant is entitled to such disclosure, we conclude that respondent acted in excess of his authority and that a writ of prohibition is the appropriate remedy (see e.g. Matter of Hoovler v DeRosa, 143 AD3d 897, 900-901 [2d Dept 2016]; Brown, 296 AD2d at 406). We therefore grant the amended petition and grant judgment in favor of petitioner.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court