People v Kemp (2019 NY Slip Op 07342)





People v Kemp


2019 NY Slip Op 07342


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


4945/15 10051A 30/16 10051

[*1] The People of the State of New York, Respondent,
v
Gary Kemp, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott H. Henney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgments, Supreme Court, New York County (Daniel P. Conviser, J.), rendered February 7, 2017, as amended March 2, 2017, convicting defendant of predatory sexual assault, aggravated criminal contempt and four counts of criminal contempt in the first degree, and sentencing him to an aggregate term of 20 years to life, unanimously affirmed.
We reject defendant's argument that the verdict convicting him of predatory sexual assault was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. When the events at issue are viewed as a continuing incident, the evidence established the element of use or threatened immediate use of a dangerous instrument in the course of the commission of first-degree rape (Penal Law § 130.95[1][b]). We do not find that the parts of this incident were too remote from each other to be linked in considering the proof of this element.
The court providently exercised its discretion in permitting the People to call an expert witness on domestic violence, notwithstanding that they revealed their newly-formed intention to do so on the eve of trial (see generally People v Colavito, 87 NY2d 423, 428 [1996]). The disclosure did not violate any requirement of CPL article 240, and defendant does not appear to contend otherwise. Defendant has not shown any bad faith by the prosecution or prejudice to the defense. In particular, the expert gave noncontroversial testimony on domestic violence (see e.g. People v Byrd, 51 AD3d 267, 273-274 [1st Dept 2008], lv denied 10 NY3d 956 [2008]), and defendant has not established that he would have derived any significant benefit from additional time to prepare for this testimony. In any event, any error in the court's ruling was harmless (see People v Crimmins, 36 NY2d 230 [1975]). To the extent that defendant is raising a constitutional claim, as opposed to a claim grounded in state evidentiary and discovery law, the constitutional claim is
unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK