OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. Defendant John Owens is *598 charged with two counts of murder in the first degree, three counts of murder in the second degree, and three counts of rape in the first degree. The District Attorneys office filed a notice of intent to seek the death penalty pursuant to CPL 250.40 on January 24, 2000. With no bail request made to date, defendant is currently being held in the Monroe County Jail awaiting his trial.
Anticipating a future motion to dismiss, defendant requests that this court inspect and release the stenographic minutes of the Grand Jury proceedings pursuant to CPL 210.30 and 190.25 (4) (a). In the alternative, defendant asks this court to require the District Attorney to answer 80 interrogatories, 77 pertaining to the Grand Jury proceedings and 3 related to the indictment.
CPL 190.25 (4) (a) provides that “[g]rand jury proceedings are secret, and no grand juror, or other person * * * may, except * * * upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding.” Under CPL 210.30 (3) the release of Grand Jury testimony is authorized solely when it is “necessary to assist the court in making its determination on [a defendant’s dismissal] motion.” CPL 210.30 (3) further restricts the release of the minutes to “that grand jury testimony which is relevant to a determination of whether the evidence before the grand jury was legally sufficient to support a charge or charges contained in such indictment.”
This court examined the Grand Jury minutes in camera and finds that sufficient evidence was presented to support the indictment. Nor was the Grand Jury proceeding defective. The legal instructions to the Grand Jury were properly recorded and legally sufficient. (See, People v Calbud, Inc., 49 NY2d 389 [1980].)
Despite defendant’s allegations otherwise, the charges herein are straightforward and pose no novel concepts since they mirror well-established noncapital crimes. (Cf., e.g., felony murder, Penal Law § 125.25 [3], with Penal Law § 125.27 [1] [a] [vii]; [b] [charged in the first and second counts of indictment No. 547/99]; see also, People v Van Dyne, Monroe County Ct, Sept. 3, 1998, Marks, J., slip opn, at 3.) Thus, the release of the minutes is not required under CPL 210.30 (3) to assist this court in its determination. (See, Matter of Sacket v Bartlett, 241 AD2d 97, 101-102 [3d Dept 1998]; People v Cjigas, Westchester County Ct, Mar. 13, 1998, Angiolillo, J., slip opn, at 36; *599 People v Shulman, 172 Misc 2d 535, 536 [1997]; People v Hale, Sup Ct, Kings County, Tomei, J., slip opn, at 32-33, 173 Misc 2d 140 [edited for publication]; People v Abdallah, Monroe County Ct, May 16, 1996, Wisner, J., slip opn, at 2; but cf., People v Parker, Erie County Ct, July 2, 1998, D’Amico, J., indictment No. 97-0762-001, slip opn, at 24; People v Grinnell, Genesee County Ct, Mar. 12, 1997, Griffith, J., slip opn, at 2 [finding defendant had made specific and compelling objections requiring release of Grand Jury minutes under CPL 210.30 (3)].)
Defendant also argues that a “heightened due process” constitutionally afforded all capital defendants compels the release of the minutes. In a myriad of unpublished opinions, the courts of New York have uniformly rejected the notion that the potential penalty in a capital case warrants disclosure of Grand Jury minutes. (See, e.g., People v Santiago, Monroe County Ct, Jan. 26, 2000, Bristol, J., slip opn, at 2; People v Van Dyne, supra; People v Johnson, Albany County Ct, July 27, 1998, Breslin, J., slip opn, at 3; People v Bell, Sup Ct, Queens County, May 8, 1997, Cooperman, J., slip opn, at 29; People v Chinn, NYLJ, Nov. 19, 1996, at 31, col 3 [Onondaga County Ct 1996].) Defendant suggests, however, that the unique character of this capital case compels disclosure. This is the first case in Monroe County where a defendant has been charged with the first degree murder of two victims arising out of separate incidents, and yet has not been indicted as a serial murderer. This is a distinction without a difference. (See, People v Shulman, supra.)
Finally, there is no Brady material in the minutes requiring release. (Brady v Maryland, 373 US 83 [1963]; cf., People v Morgan, 178 Misc 2d 595, 600-601 [Fulton County Ct 1998].) This court finds no reason to depart from the clear mandate of CPL 210.30.
Accordingly, defendant’s motion to inspect the Grand Jury minutes is granted. Defendant’s motion to release the Grand Jury minutes is denied. For the same reasons articulated above, this court declines to require the District Attorney to answer the 80 interrogatories relating to the Grand Jury proceedings and the indictment.