Darryl PLUNKETT (86–A–8981), Petitioner,

v.

John P. KEANE, Superintendent of Sing Sing Correctional Facility, Respondent.

Nos. 97–CV–1992 (JBW), 03–MISC–0066 (JBW).

United States District Court, E.D. New York.

June 10, 2003.

Michael Gore and Solomon Neubort, The Office of the District Attorney, Brooklyn, NY, for Respondent.

Darryl Plunkett, pro se.

WEINSTEIN, Senior District Judge.

The petition for a writ of habeas corpus is denied for the reasons stated orally on the record at a hearing before this court at which petitioner was present by telephone. This memorandum briefly addresses petitioner's claims.

Petitioner was charged with second degree murder and robbery for a fatal stabbing during a robbery in a Brooklyn park. The state's evidence relied largely on the testimony of petitioner's alleged accomplice, Edward Armstead, who pled guilty to manslaughter and received a sentence of 12–1/2 to 25 years in prison. Armstead testified that petitioner had stabbed the victim. A witness also testified that he saw petitioner running out of the park on the night of the murder and that he had known petitioner for several years before the incident, but that he had not told police that he had seen petitioner that night because he did not want to testify at trial. Another witness identified petitioner from a lineup as someone she saw running from the park that night, and also stated that she had seen petitioner previously in the park.

Petitioner testified at trial and denied having committed the crime. He claimed not to be friendly with Armstead. He instead indicated that they were adversaries and that he had been shot in the leg by some of Armistead's friends on two separate occasions. He denied knowing about the murder until his arrest one year after the event, and denied knowing that the police had been looking for him during that time. A police detective testified that petitioner stated to him that he had heard about the shooting a few days after it occurred, and that he had heard that someone named Eddie was involved.

Petitioner was convicted of both counts and was sentenced to 25 years to life in prison. His convictions were upheld on appeal. Petitioner initiated no state collateral proceedings.

In the present petition, he claims that the state's failure to deliver to defense counsel the accomplice's confession and an eyewitness's prior statement violated the rule of *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961), and deprived him of due process of law. These claims have been exhausted.

## I. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for

the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## II.  Procedural Bar

A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not review it, even if the state court also rejected the claim on the merits in the alternative. *See Harris v. Reed,* 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

■ A claim may be presented for habeas review even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his claim before the state court, relied on pertinent federal cases employing constitutional analysis, relied on state cases employing constitutional analysis in like fact situations, asserted his claims in terms so particular as to call to mind specific rights protected by the constitution, or alleged a pattern of facts well within mainstream of constitutional litigation. *See Daye v. Attorney General,* 696 F.2d 186 (1982).

## III.  Errors of State Law

■ A federal court may not grant a writ of habeas corpus simply because a state court incorrectly interpreted or applied a matter of state law. *Jelinek v. Costello,* 247 F.Supp.2d 212, 277 (E.D.N.Y. 2003). The Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." *Vitek v. Jones,* 445 U.S. 480, 488, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). Such state-created rights may not be "arbitrarily abrogated." *Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *see also Evitts v. Lucey,* 469 U.S. 387, 400–01, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (Due Process Clause guarantees a state criminal defendant the effective assistance of counsel on his first appeal as of right *if* the state grants appeals as of right, which the Constitution does not require); *Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (although a state may choose whether to institute a welfare program, it must operate whatever programs it does establish subject to the protections of the Due Process Clause); *Saldana v. New York,* 665 F.Supp. 271, 275 (S.D.N.Y.1987) (once a

state creates a right for a defendant to testify before a Grand Jury, "it cannot cause that right to be forfeited in a manner which is arbitrary or fundamentally unfair"), *rev'd on other grounds,* 850 F.2d 117 (2d Cir.1988).

## IV.   Certificate of Appealability

This opinion complies with *Miranda v. Bennett,* 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure.   No other issue open to consideration by this court has merit.   *See Sumner v. Mata,* 449 U.S. 539, 548, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) ("a court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit").

A certificate of appealability may be granted with respect to any one of petitioner's claims only if petitioner can make a substantial showing of the denial of a constitutional right.   Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit.   *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).   Any claims for which a certificate of appealability is granted will be reviewed *de novo* by the Court of Appeals.

## V.   Claims

Petitioner claims that the state's failure to deliver to defense counsel the accomplice's confession and an eyewitness's prior statement violated the rule of *People v. Rosario* and deprived him of due process of law.

█   Pursuant to *People v. Rosario,* the state must provide a criminal defendant with the pretrial statements of any witness who will be called to testify on behalf of the prosecution.   213 N.Y.S.2d 448, 173 N.E.2d at 883–84.   This rule has been codified in the New York criminal procedure law;   the prosecutor is obliged to "make available to the defendant … any written or recorded statement … made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony."   N.Y.Crim. Pro. Law § 240.45(1)(a).   *Rosario* material "is valuable not just as a source of contradictions with which to confront [a witness] and discredit his trial testimony," but also because the material "may reflect a witness' bias … or otherwise supply the defendant with knowledge essential to the neutralization of the damaging testimony of the witness which might, perhaps, turn the scales in his favor."   *Rosario,* 213 N.Y.S.2d 448, 173 N.E.2d at 883.   Complete failure to provide the defense with *Rosario* material "constitutes per se error requiring that the conviction be reversed and a new trial ordered," but when there is only a delay in producing it, "the reviewing court must ascertain whether the defense was substantially prejudiced by the delay."   *People v. Ranghelle,* 69 N.Y.2d 56, 511 N.Y.S.2d 580, 503 N.E.2d 1011, 1016 (1986).

The Appellate Division addressed both of petitioner's *Rosario* claims.   The first claim was that the prosecution had failed to turn over prosecution notes concerning an identification of petitioner made by a witness to the prosecution on the day of the trial before his testimony.   The Appellate Division found this claim to be unpreserved for appellate review, apparently because of a failure of defense counsel to make a contemporaneous objection.   *See* N.Y.Crim. Pro. Law § 470.05(2).   That conclusion is, however, belied by the record.   *See* Trial Tr. at 201–04 (defense counsel moves for mistrial immediately after learning that the prosecutor knew that his witness would identify petitioner during the witness's testimony).   Nonetheless,

petitioner has never demonstrated that there *were* any written or recorded notes possessed by the prosecution. *See Catterson v. Rohl*, 202 A.D.2d 420, 608 N.Y.S.2d 696, 699 (N.Y.App.Div.1994) ("It is well-established in New York that a prosecutor is obligated to turn over any written or recorded pretrial statements of the prosecution's witnesses which relate to the witnesses' trial testimony (*see*, CPL 240.45[1][a]; *People v. Rosario* ); however, that obligation is limited, both by statute and case law, to written or recorded statements, and does not apply to unrecorded oral statements."). Even if such notes were found to exist, petitioner cannot demonstrate that this error of state law denied him a fundamentally fair trial.

With respect to the alleged failure of the prosecution to turn over one of the statements made by petitioner's codefendant to the police—in which he stated unequivocally that petitioner wrestled a knife away from the victim, in contrast to his trial testimony, where he stated that he "assumed" petitioner had taken the knife from the victim—the Appellate Division found that the record

> fails to substantiate the People's contention that prior to the trial the defendant was furnished with a written statement made by a codefendant to the police. Contrary to the People's contention, a review of the original Supreme Court file indicates that the statement in question was not annexed to their answer to the defendant's omnibus motion, which was filed with the Supreme Court. However, under the circumstances of this case, we are satisfied that no substantial right of the defendant was prejudiced by any delay in producing this *Rosario* material. The statement was made available to the defendant's counsel at the trial in time for its effective presentation for the jury's consideration, if he was so advised.

*People v. Plunkett*, 140 A.D.2d 553, 528 N.Y.S.2d 342, 342 (N.Y.App.Div.1988).

■ Petitioner learned of the statement while cross-examining a state witness and had ample opportunity to make use of the information—which appears to have been of relatively slight value—prior to the case being handed to the jury. The Appellate Division's conclusion that petitioner suffered no substantial harm is reasonable. Habeas relief is not warranted on this ground.

## VI. Conclusion

The petition for a writ of habeas corpus is denied. A certificate of appealability is granted with respect to petitioner's claim that the state's failure to deliver to defense counsel the accomplice's confession and an eyewitness's prior statement violated the rule of *People v. Rosario* and deprived him of due process of law.

A certificate of appealability is not granted with respect to any of petitioner's remaining claims, petitioner having made no substantial showing of the denial of a constitutional right. Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253; *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Any claims for which a certificate of appealability is granted will be reviewed *de novo* by the Court of Appeals.

SO ORDERED.